# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY S. ANDERSON, ) | |
| ) | CIVIL ACTION NO 05 - 1301 |
| Petitioner, ) | |
| v. ) | Judge David S. Cercone |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| POLICE COMMISSIONER, et al, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  RECOMMENDATION

   It is respectfully recommended that the above-captioned case be dismissed due to Petitioner's failure to prosecute this action.

II.  REPORT

   Petitioner, Ricky S. Anderson, commenced this action in September of 2005 by filing a Petition for Habeas Corpus. He failed to pay the five dollar filing fee and he did not file a motion to proceed in forma pauperis ("IFP"). He was sent an Order of Court on September 22, 2005 (doc. no. 2) stating that he should either include an IFP motion or pay the filing fee, no later than October 13, 2005. Petitioner did nothing. On June 1, 2006 another order was entered directing the Petitioner to show cause why the case should not be dismissed for failure to prosecute.

   Petitioner responded by saying that he had no money but did not attach an IFP motion. Thereafter, on October 11, 2006 (doc. no. 8) Petitioner again was ordered to complete and file a motion to proceed in forma pauperis along with a certified account statement from his prison account from the last six months. The Court enclosed IFP forms and ordered Petitioner to complete and file the forms no later than November 7, 2006. The Order further informed Petitioner that his failure to comply with the Order would result in the Court entering a show cause order as to why

the case should not be dismissed. Petitioner failed to comply with this order. On December 22, 2006, this Court issued an Order for Petitioner to show cause why his Petition should not be dismissed for failure to prosecute by January 15, 2007 (doc. no. 15). The Order further notified Petitioner that his failure to respond would result in a report to the District Judge recommending dismissal of his Petition for failure to prosecute. To date, Petitioner has failed to respond to this Court's Orders and has failed to do anything to actively prosecute his action.

### B. Petitioner's Failure to Prosecute

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1)   the extent of the party's personal responsibility;

(2)   the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)   a history of dilatoriness;

(4)   whether the conduct of the party or the attorney was willful or in bad faith;

(5)   the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)   the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369,

1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Petitioner's failure to prosecute.

Petitioner is proceeding pro se in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Petitioner personally is responsible for the failure to respond to this Court's orders. With respect to the second factor -- the prejudice caused to the adversary by Petitioner's failure to comply with this Court's Orders -- there appears to be no specific prejudice to the Defendants other than general delay. With respect to the third factor, Petitioner has failed to respond to any of the Court's orders. Petitioner has not filed any response to date; nor has he filed any motion for an extension of time. Thus, he has shown dilatoriness in proceeding with his action. With respect to the fourth factor, this Court cannot determine whether the conduct of the Petitioner was willful or in bad faith. The fifth factor to consider is the effectiveness of sanctions other than dismissal. Because Petitioner has not even paid the filing fee or motion to proceed in forma pauperis, it does not appear that monetary sanctions are appropriate. Finally, and most importantly, the Court has reviewed the public docket sheet for the criminal charges at CP-65-CR-0004826-2003 that Petitioner is attacking n his federal petition. This docket sheet reveals that the criminal charges against Petitioner all were dismissed on June 29, 2006. Accordingly, his habeas petition now is moot. Thus, it does not appear that Petitioner has any likelihood of success on the merits.

III.     CONCLUSION

The analysis of the six factors as applied to the facts before this Court reveals that the Petition in this action should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: January 19, 2007

_____
Magistrate Judge Lisa Pupo Lenihan

cc: The Honorable David S. Cercone
United States District Judge

RICKY S. ANDERSON
3399-03
Westmoreland County Jail
3000 South Grande Boulevard
Greensburg, PA 15601